COLLINS et al. v. STAR CO.

(Supreme Court, Appellate Term. November 24, 1908.)

BAILMENT (§ 31*)—ACTIONS—EVIDENCE.

> Evidence *held* sufficient to overcome the presumption of liability of the bailee of a horse arising from its failure to return the horse to the bailor.
> [Ed. Note.—For other cases, see Bailment, Dec. Dig. § 31.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Phillip Collins and another against the Star Company. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Clarence J. Shearn, for appellant.
J. Campbell Thompson, for respondents.

PER CURIAM. The plaintiffs brought this action to recover the value of a horse hired by them to the defendant, which was not return-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed to the plaintiffs. The defense was that the horse had been killed by a third party through no negligence on the part of the defendant. The pleadings were oral. Upon the trial the hiring failure to return and value of the horse were not contested. The plaintiffs proved a prima facie case. The defendant to overcome the presumption of liability arising from its failure to return the horse introduced the testimony of two witnesses who were drivers on the wagon to which the horse was attached. Both of these witnesses testified that on the day of the accident, while driving north on the east car track on East Broadway, as they approached Rutgers street, they saw a horse and wagon owned by one Larkins coming south on the west car track on East Broadway; that, when five feet past Rutgers street at the intersection of East Broadway, Larkins' horse and wagon turned suddenly east into Rutgers street, and the pole of the wagon struck the horse attached to the defendant's wagon, causing fatal injuries; that the defendant's wagon was moving slowly, and, in an effort to avoid the accident, the defendant's driver swung the horse to the right but could not avoid the collision; that the defendant's driver ran after and caught Larkins' driver, who seemed intoxicated. The horse died at the place of the accident. This evidence was sufficient to overcome the presumption of liability raised by defendant's failure to return the horse, and, in the absence of any proof tending to show that the accident was due to negligence or lack or ordinary care and prudence on the part of the defendant, the complaint should have been dismissed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.